**Anna Hauer, Plaintiff in Error, v. Marshall E. Sampsell, Receiver, Defendant in Error.**

**Gen. No. 14,877.**

NEGLIGENCE—*when proof showing cause of action will not sustain recovery.* A plaintiff who fails to prove the cause of action alleged in his declaration cannot recover although he may prove another and different cause of action; in such a case it is not only a variance but it is also a failure of proof.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed February 15, 1910.

CHARLES C. SPENCER, for plaintiff in error.

JOHN A. ROSE and FRANK L. KRIETE, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Anna Hauer, plaintiff below, prosecutes this writ of

error to reverse a judgment for the defendant. The judgment was rendered upon a verdict returned pursuant to a peremptory instruction given at the close of the plaintiff's case. The suit was brought to recover damages for a personal injury sustained in being thrown to the ground from a car in a cable street car train. The plaintiff was thrown, it was alleged, because the train, which had been standing still, was suddenly and violently started forward. The peremptory instruction was given on the ground of such a variance between the allegations and the evidence that there was a complete failure of proof of the cause of action.

The declaration contains two counts. The first count, so far as material, alleges that on May 23, 1903, defendant was running and operating a certain train of street cars on Milwaukee avenue, in Chicago, in a northwesterly direction across the intersection of that avenue and Paulina street, and that at or near that intersection the train was stopped and plaintiff "then and there became and was a passenger" on one of the said cars. Further, in respect to defendant's duty and breach thereof, the count alleges that by means of the premises it became and was the duty of defendant to safely carry plaintiff; but defendant, not regarding his duty in that behalf, while plaintiff "was in the act of getting onto said car" to be carried as a passenger, and "had then and there stepped onto the footboard or step at the side of said car," by his servant in charge of the car, "while the plaintiff was so in the act of getting onto said car  *  *  *  then and there, without notice or warning, unlawfully, wilfully and maliciously caused the said car to be suddenly and violently started forward, whereby the plaintiff was" thrown from the car to the ground and injured.

The second count begins with the same introductory statement, except that in this count it is alleged that at the intersection the train "came to a stop and the plaintiff then and there intending to take passage in

and to get into one of the said cars of said train," all of which, it is stated, defendant well knew. The duty and the breach are in this count stated to be that by means of the premises it became and was the duty of defendant "to receive the plaintiff on said train as such passenger" and to safely carry her; but that defendant, "while the plaintiff   *   *   *   was in the act of getting into one of the cars of the said train   *   *   *   and had then and there stepped onto the footboard or step at the side of said car," by his servant in charge of the train, "while the plaintiff was so engaged in the act of getting into said car as aforesaid, then and there, without notice or warning, unlawfully, carelessly and negligently caused the said car to be suddenly and violently started forward, whereby the plaintiff was" thrown from the car to the ground and injured.

In both counts the breach of duty—the specific charge—is alleged to be in the management or operation of the car or train, that is, that without notice or warning to plaintiff the car was "suddenly and violently started forward, whereby the plaintiff was" thrown from the car and injured. True, in the one count the allegation is that the sudden starting occurred while plaintiff was in the act of getting upon the car and that the act was wilful and malicious, and in the other count the allegation is that the sudden starting occurred while plaintiff was in the act of getting into the car and that the act was merely careless and negligent, but in both counts the cause of action— the specific act of breach of duty, whether wilful or negligent—is alleged to be the sudden and violent starting of the car.

From the evidence it appears that Mrs. Hauer, a lady about 43 years of age, stood at the southeast corner of Milwaukee avenue and Paulina street, on the afternoon of the day in question, waiting to take a Milwaukee avenue car going northward, and this cable train came along. The last car in the train was

the one in connection with which she was injured.
That car was an open one with an aisle lengthwise
in the center, seats that ran across it, and each two
seats faced each other. There was a footboard along
the side of the car from which passengers could step
into the car. All the seats of the car were filled and
passengers were standing in the aisle and on the foot-
board. Plaintiff testified that after the car had stop-
ped a number of persons got on the car; that she
stepped up at about the middle of the car and put a
grocery or market basket she was carrying on the
floor of the car between two seats facing each other;
that these seats were filled with passengers; that the
conductor—who was in the middle of the car, in the
aisle—pushed her basket off the car and told her to
get off; that when he pushed the basket she "grabbed"
it and both she and the basket then fell in the street.
She also testified that the car was standing still when
she put the basket on the floor and she then stepped
up so that she stood with both feet on the footboard
and took hold of the car with one hand; that the con-
ductor rang the bell first (evidently for the car to
start) and when he pushed the basket off and told her
to get off the car was moving; that the car had already
started and was going while she stood on the foot-
board and was holding on the car; that while the car
was going she let go the car handle, grabbed after and
fell over the basket, and that she dropped the handle
she was holding and tried to save the basket and fell.
Plaintiff had one witness besides herself. His testi-
mony is slightly at variance with her's and perhaps
more favorable to her, but when her own testimony is
taken into consideration in explanation of it, not to
such an extent as to tend to prove that her fall oc-
curred by reason of the car being suddenly and vio-
lently started forward.

Unquestionably plaintiff did fall from the car and
suffer severe injury; but she did not suffer injury
from the cause she in her declaration charges against

the defendant. Clearly, according to her own testimony, she was not thrown from the car by the car being started forward suddenly and violently.

It is unnecessary to cite authorities to the effect that a plaintiff who fails to prove the cause of action alleged in the declaration cannot recover, although he may prove another and different cause of action. In such case it is not only a variance but it is also a failure of proof.

The judgment of the trial court will be affirmed.

*Affirmed.*

Mr. Justice MACK took no part in the consideration of this case.